IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

DREAMA L. WARTH,

       Plaintiff,

V.                                                  CIVIL ACTION NO. 3:08-0092

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

## MEMORANDUM ORDER

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings and plaintiff's motion to remand.

Plaintiff filed her applications on July 9, 2004, alleging disability commencing June 23, 2003, as a consequence of low back strain, pain attacks and acid reflux. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was thirty-nine years of age and had obtained a high school education. Her past relevant employment experience consisted of work as a

nurse's aid. In his decision, the administrative law judge determined that plaintiff suffers from "degenerative disc disease of the lumbar spine," an impairment he found severe. Though concluding that plaintiff was unable to perform her past work,[1] the administrative law judge determined that she had the residual functional capacity to perform a limited range of light level work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

Before this Court, plaintiff argues that the administrative law judge's reliance on the opinion of the vocational expert was inappropriate based on his consideration of jobs in a region consisting of West Virginia, Virginia, Maryland, and the District of Columbia. Plaintiff asserts that the foregoing states do not constitute the "region" in which she lives[3] and therefore the expert failed to provide any examples of jobs existing in significant numbers.

Plaintiff does not cite to any law or regulation that supports her assertion that the expert must utilize the specific locality in which she resides, and this Court is aware of none. The regulations provide that the Commissioner will determine "that work exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country."[4] The vocational expert identified three jobs at the light exertional level that existed in the region previously specified, each of which consisted of more than 8,500 jobs regionally and over

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

[3] Plaintiff resides in Hartford, WV, which is near the border of West Virginia and Ohio.

[4] 20 C.F.R. §§ 404.1566 and 416.966.

100,000 jobs nationally, and this testimony clearly satisfied the Commissioner's burden with respect to other work plaintiff was capable of performing.

Plaintiff also contends that the administrative law judge should have found her COPD to be a severe impairment and included functional limitations resulting therefrom. The administrative law judge evaluated plaintiff's pulmonary disease and found it to be a non-severe impairment based on the minimal objective findings. The regulations provide that an impairment, or combination of impairments, is "severe" if it significantly limits an individual's ability to perform basic work activities.[5] Conversely, an impairment of combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.[6]

The administrative law judge noted that plaintiff's pulmonary function testing in February 2006 showed only a minimal obstructive lung defect; chest imaging from June 2006 revealed an essentially normal impression; and she has been prescribed no medication to control COPD. While plaintiff relied on Dr. Holley's diagnosis of "mild" COPD to support her contention that she is limited by her pulmonary problems, it is interesting to note that on the same evaluation there was no restriction with respect to fumes, dust or humidity. This lack of restriction by Dr. Holley supports the administrative law judge's conclusion that her COPD was non-severe, and given the presence of only minimal findings, it is apparent that the administrative law judge was correct in finding her COPD to be a non-severe impairment.

Lastly, plaintiff asserts that the administrative law judge improperly gave more weight to the opinion of a non-examining state agency physician than to the opinion of her treating physician. An

---

[5] 20 C.F.R. §§ 404.1520(c) and 416.920(c)

[6] Id. §§ 404.1521 and 416.921

administrative law judge is to consider the following when evaluating medical opinions: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist."[7] The regulations make clear that the administrative law judge "will not give any special significance to the source of an opinion on issues reserved to the Commissioner . . .."[8] They also state that "[t]he responsibility for deciding ... residual functional capacity rests with the administrative law judge or Appeals Council,"[9] and that the Commissioner "will ... give good reasons in [the] notice of determination or decision for the weight [given a] treating source's opinion."[10] Clearly, it is the Commissioner's responsibility to make the final decision regarding the plaintiff's abilities, and he can reject medical opinions so long as he gives reasons therefor, and those reasons are supported by the evidence.

Plaintiff argues that the administrative law judge erred by giving controlling weight to the opinion of a non-examining state agency physician. This is, however, an overstatement as the administrative law judge only gave "great" weight to this opinion, concluding that it was well supported by the objective findings of record, including the treatment notes of Dr. Holley. Additionally, plaintiff alleges that the administrative law judge improperly rejected Dr. Holley's longitudinal record of treatment by not affording his assessment of her functional capacity more weight than the opinion of the state agency expert. However, the administrative law judge did not dismiss the long history of treatment notes submitted by the plaintiff. Instead, he found that Dr.

---

[7] Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527).

[8] 20 C.F.R. §§ 404.1527(e)(3) and 416.927(e)(3)

[9] Id. §§ 404.1546 and 416.946

[10] Id. §§ 404.1527(d)(2) and 416.927(d)(2)

Holley's assessment of plaintiff's RFC was too extreme, not supported by the record, and not supported by his own progress notes. This Court agrees with the administrative law judge that the record as a whole indicates only conservative treatment and plaintiff has continued to maintain a good range of daily activities. There is, therefore, ample evidence to support the administrative law judge's finding that Dr. Holley's opinion as to plaintiff's residual functional capacity was too limiting.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, and the weight given various medical opinions are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: November 4, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE